UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLEAN-O-RAMA, INC., a Maine corporation with its principal place of business in Gorham, Cumberland County, Maine,<br><br>    Plaintiff<br><br>v.<br><br>COMMERCIAL DEPARTMENT CONTAINERS CDC CANADA INC., a/k/a DÉPARTEMENT COMMERCIAL DE CONTENEURS CDC CANADA INC. & CDC CANADA, INC., a Canadian federal corporation with its principal place of business in Saint-Leonard, Province of Quebec, Canada,<br><br>SAVINO DEL BENE U.S.A., INC., a New York corporation with its principal place of business in Avenel, Middlesex County, New Jersey,<br><br>and<br><br>HAPAG-LLOYD AG, a German Aktiengesellschaft (public limited company) with its principal place of business in Hamburg, State of Hamburg, Federal Republic of Germany,<br><br>    Defendants | Case No. _____ |

## **COMPLAINT**

NOW COMES Plaintiff Clean-O-Rama, Inc., by and through its undersigned counsel, and, pursuant to F.R.Civ.P. 3 & 7-8, states as follows for its Complaint against Defendants Commercial Department Containers CDC Canada Inc. ("CDC Canada"), Savino Del Bene U.S.A., Inc. ("Savino Del Bene") and Hapag-Lloyd AG ("Hapag-Lloyd"):

## **PARTIES, VENUE & JURISDICTION**

1. Plaintiff Clean-O-Rama, Inc. is a Maine corporation with a place of business in Gorham, Cumberland County, Maine.

2. Defendant CDC Canada is a Canadian federal corporation with its principal place of business in Saint-Leonard, Province of Quebec, Canada.

3. Defendant Savino Del Bene is a New York corporation with its principal place of business in Avenel, Middlesex County, New Jersey.

4. Defendant Hapag-Lloyd is a German Aktiengesellschaft (public limited company) with its principal place of business in Hamburg, State of Hamburg, Federal Republic of Germany.

5. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred, and a substantial part of the property that is the subject of this action is or was situated, within the District of Maine.

6. Defendant CDC Canada contracted with Plaintiff for the carriage and delivery of cargo to Plaintiff's principal place of business within the State of Maine.

7. Defendants Savino Del Bene and Hapag-Lloyd contracted for the carriage and delivery of cargo to Plaintiff's principal place of business within the State of Maine, and actually engaged or participated in such carriage and delivery, either directly or through their agents.

8. Plaintiff has suffered damages, injuries and losses in the State of Maine on account of Defendants' conduct, actions and inactions, and Defendants reasonably could have foreseen such damages, injuries and losses.

9. The State of Maine has a legitimate interest in the subject matter of this litigation by virtue of, among other things, Defendants' contracts to carry and deliver cargo to the State of

Maine and the damages, injuries and losses suffered by Plaintiff in the State of Maine on account of Defendants' conduct, actions and inactions.

10.  Defendants, by their conduct, actions and inactions, established substantial contacts with Plaintiff, property located in the State of Maine, and other customers, persons and entities in the State of Maine, and reasonably could have anticipated litigation in the State of Maine.

11.  The exercise of personal jurisdiction over Defendants by this Honorable Court comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution and 14 M.R.S. sec. 704-A.

12.  Plaintiff is a citizen of the State of Maine and Defendants are citizens of different states or foreign states, for purposes of 28 U.S.C. sec. 1332.

13.  In this action the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.  A substantial portion of Plaintiff's claims stated in this Complaint arise under 46 U.S.C. ch. 307 (also known as the "Carriage of Goods at Sea Act" or "COGSA"), which is a law of the United States for purposes of 28 U.S.C. sec. 1331.

## COUNT I
### Breach of Contract

15.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-14, above, as if fully set forth herein.

16.  In or about December, 2018, Defendant CDC Canada agreed and entered into a contract with Plaintiff (the "Contract") to carry and deliver a cargo of Plaintiff's liquid cleaning products (the "Cargo") from Orcq (Tournai), Belgium to Gorham, Maine.

17. As a condition of its Contract with Plaintiff, Defendant CDC Canada agreed that the Cargo was to be transported from Orcq, Belgium to Gorham, Maine in a temperature controlled container at a temperature of +10 degrees Celsius (i.e., approximately 50 degrees Fahrenheit).

18. Pursuant to the Contract, in or about December, 2018, Defendant CDC Canada actually carried and delivered or caused to be carried and delivered the Cargo from Orcq, Belgium to Gorham, Maine over land and sea, via modes of transport including motor vehicles (i.e., trucks), one or more seagoing cargo vessels, and railroad.

19. While the Cargo was being transported from Orcq, Belgium to Gorham, Maine, the temperature in its container was not maintained at +10 degrees Celsius as Defendant CDC Canada had agreed pursuant to the Contract; rather, that temperature was allowed to fall significantly below 0 degrees Celsius (i.e., 32 degrees Fahrenheit).

20. As a result of the failure to maintain the temperature in the Cargo's container at +10 degrees Celsius, the Cargo was frozen, irreparably damaged and rendered unusable.

21. Defendant CDC Canada breached its Contract with Plaintiff by failing to maintain the temperature in the Cargo's container at +10 degrees Celsius.

22. As a proximate and foreseeable result of such breach, Plaintiff has suffered damages, injuries and losses including without limitation the following: (a) loss of the Cargo and its value; (b) unearned freight that was paid by Plaintiff for carrying and delivering the Cargo; (c) import duties on the Cargo that were paid by Plaintiff; (d) paid demurrage for the Cargo that was paid by Plaintiff; (e) costs of handling, storing and disposing of the damaged Cargo that were paid by Plaintiff; and, (f) lost profits on Plaintiff's planned resale of the Cargo to Plaintiff's customers.

23. Plaintiff's damages, injuries and losses suffered as a result of Defendant CDC Canada's breach of the Contract are in the amount of at least $162,884.83.

24.  Defendant CDC Canada is liable to Plaintiff for Plaintiff's damages, injuries and losses suffered as a result of Defendant CDC Canada's breach of the Contract as detailed above.

25.  On or about February 8, 2019, Plaintiff issued to Defendants a Notice of Claim (the "Notice of Claim") setting forth under oath Plaintiff's claims against said Defendants pursuant to 14 M.R.S. sec. 1602-B.

26.  By virtue of Plaintiff's issuance of the Notice of Claim to Defendants, prejudgment interest on Plaintiff's claims against Defendants accrues from the time of such issuance.

WHEREFORE, Plaintiff prays for a money judgment against Defendant CDC Canada in the amount of at least $162,884.83, plus prejudgment and postjudgment interest, costs, and such other and further relief as this Honorable Court deems just under the circumstances.

### COUNT II
### Negligence

27.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-26, above, as if fully set forth herein.

28.  In seeking to perform the Contract, Defendant CDC Canada contracted or otherwise arranged with persons including without limitation Defendants Savino Del Bene and Hapag-Lloyd to carry and deliver the Cargo from Orcq, Belgium to Gorham, Maine over land and sea, via modes of transport including motor vehicles (i.e., trucks), one or more seagoing cargo vessels, and railroad.

29.  Defendants understood and agreed that the Cargo was to be transported from Orcq, Belgium to Gorham, Maine in a temperature controlled container at a temperature of +10 degrees Celsius (i.e., approximately 50 degrees Fahrenheit).

30. In or about December, 2018, Defendants and their agents actually carried and delivered or caused to be carried and delivered the Cargo from Orcq, Belgium to Gorham, Maine over land and sea, including through the Port of New York, via modes of transport including motor vehicles (i.e., trucks), one or more seagoing cargo vessels, and railroad.

31. Insofar as Defendants and their agents carried the Cargo by sea to a port in the United States, the Cargo's carriage by Defendants and their agents is subject to the provisions of the Carriage of Goods at Sea Act, 42 U.S.C. ch. 307; however, such Carriage is not subject to such provisions insofar as it involved the Cargo's carriage over land, including among other things by motor vehicles (i.e., trucks) and railroad.

32. As a result of the negligence of and failure to exercise due care by Defendants and their agents (for whom Defendants are vicariously liable) in the loading, stowage, custody, care and proper delivery of the Cargo, the temperature in its container was not maintained at +10 degrees Celsius; rather, that temperature was allowed to fall significantly below 0 degrees Celsius (i.e., 32 degrees Fahrenheit).

33. As a proximate and foreseeable result of the negligence of and failure to exercise due care by Defendants and their agents, Plaintiff has suffered damages, injuries and losses including without limitation the following: (a) loss of the Cargo and its value; (b) unearned freight that was paid by Plaintiff for carrying and delivering the Cargo; (c) import duties on the Cargo that were paid by Plaintiff; (d) paid demurrage for the Cargo that was paid by Plaintiff; (e) costs of handling, storing and disposing of the damaged Cargo that were paid by Plaintiff; and, (f) lost profits on Plaintiff's planned resale of the Cargo to Plaintiff's customers.

34. Plaintiff's damages, injuries and losses suffered as a result of the negligence of and failure to exercise due care by Defendants and their agents are in the amount of at least $162,884.83.

35. Defendants are jointly and severally liable to Plaintiff for Plaintiff's damages, injuries and losses suffered as a result of the negligence of and failure to exercise due care by Defendants and their agents.

36. Pursuant to 42 U.S.C. sec. 30704, Defendants may not avoid their liability to Plaintiff for loss or damage arising from the negligence of and failure to exercise due care by Defendants and their agents insofar as such negligence and failure to exercise due care occurred in connection with the Cargo's carriage to the Port of New York on board a vessel.

WHEREFORE, Plaintiff prays for a money judgment against Defendants CDC Canada, Savino Del Bene and Hapag-Lloyd in the amount of at least $162,884.83, plus prejudgment and postjudgment interest, costs, and such other and further relief as this Honorable Court deems just under the circumstances.

Dated at Portland, Maine this 24th day of May, 2019

/s/ F. Jay Meyer, Esq.
F. Jay Meyer, Maine BRN 6832
Counsel for Plaintiff

TROUBH HEISLER LLC
511 Congress Street, Suite 700
P.O. Box 9711
Portland ME 04104-5011
(207) 780-6789
jmeyer@troubhheisler.com